IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2207-BO

| | | |
|---|---|---|
| WADE TEMPLE HANKINS, JR., | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BOB LEWIS, | ) | |
| Respondent. | ) | |

Wade Temple Hankins, Jr., petitioned this court for a writ of habeas pursuant to 28 U.S.C. § 2254. On June 25, 2012, respondent filed a motion for summary judgment [D,E, 8]. Petitioner responded [D.E. 11], and the matter is ripe for determination.

A.  Background

On November 12, 2009, in Superior Court for Duplin County, petitioner pled guilty to three counts of identity theft, six counts of financial card theft, ten counts of larceny by employee, and eight counts of obtaining property by false pretenses. Mem. in Supp. Mot. for Summ. J., at Ex. 1, Transcript of Plea. In return for his plea to those offenses, the State dismissed 30 additional charges, which included 29 felonies and 1 misdemeanor. Id. Additionally, the State agreed not to pursue habitual felon indictments against petitioner in the cases to which he pled guilty; not to pursue further state charges "arising out of this incident as a whole"; that defendant would receive "3 consecutive class G sentences of 29 to 35 months"; and that the "remaining charges would be consolidated under these 3 class G felonies." Id. Petitioner stipulated to the accuracy of the information set out in prior conviction section of his prior record level worksheet and stipulated that his record level was VI. Id., at Ex. 2, Worksheet. As a result of the plea, petitioner was sentenced to a term

of imprisonment for a minimum of 87 months and a maximum of 105 months. Id., at Ex. 3, 4, & 5. Petitioner was represented during his plea proceeding by Fredric Hall. Pet., at Question 16 and Id. at Ex. 3 at 1.

On May 21, 2010, petitioner filed a motion for appropriate relief (MAR) in the Superior Court for Duplin County. Id., at Ex. 6; see Ex. 7 (date MAR filed)). The MAR was found to be without merit and denied on June 10, 2010. Id., at Ex. 7. On May 3, 2011, petitioner sought review of the order dismissing his MAR through the filing of a writ of certiorari in the North Carolina Court of Appeals. Id., at Ex. 8. On May 19, 2011, the State Court of Appeals denied petitioner's certiorari petition. Id., at Ex. 9.

On June 14, 2011, petitioner filed a second MAR, captioned as "Successor Motion for Appropriate Relief." Pet., attached "Successor Motion for Appropriate Relief." This MAR was denied in a court order on June 29, 2011. Mem. in Supp., at Ex. 10. On August 15, 2011, petitioner filed a second petition for writ of certiorari in the North Carolina Court of Appeals, this time seeking review of the June 29th order denying the "Successor Motion for Appropriate Relief." Id., at Ex. 11. On August 31, 2011, the North Carolina Court of Appeals denied petitioner's second petition for writ of certiorari. Id., at Ex. 12.

Petitioner submitted this § 2254 petition on October 21, 2011.

B.   Issues

Petitioner asserts one issue in this court: Cruel and Unusual Punishment in violation of the Eighth Amendment as to the criminal sentences imposed as grossly disproportionate and banned by Graham v. Florida, ___ U.S. ___, 130 S. Ct. 2011 (2010).

2

C.  Discussion

   i.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Hardy v. Cross, ___U.S. ___, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, , ___U.S. ___, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, , ___U.S. ___, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, , ___U.S. ___, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer

> an independent opinion as to whether it believes, based upon its own reading
> of the controlling Supreme Court precedents, that the [petitioner's]
> constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc); see also, Harrington v. Richter, __ U.S. ___, 131 S. Ct. 770, 784-85 (2011) (a state court need not cite or even be aware of the Supreme Court precedent, '[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.") Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

    ii.    Analysis

Petitioner alleges that the State sentenced him under a new law that violated his right under the Eight Amendment's ban on cruel and unusual punishment, specifically that his sentence was constitutionally disproportionate to his crime. Petitioner basis his argument on Graham v. Florida, ___U.S.___ , 130 S. Ct. 2011 (2010), in which the Supreme Court held it was a violation of the Eight Amendment's ban on cruel and unusual punishment to sentence juvenile offenders under the age of eighteen years of age who did not commit homicide to life imprisonment without the possibility of parole.

As properly argued by the government, Graham lends no support to petitioner's argument and is inapplicable to petitioner and his criminal sentence. Petitioner was approximately 51 and not under the age of eighteen at the time of his crimes, and he was not sentenced to life imprisonment without the possibility of parole. Mem. in Supp., Ex 13. Furthermore, United States Supreme Court case law concerning the Eight Amendment's prohibition against cruel and unusual punishment does not establish that petitioner's

4

sentence of 87-to-105-month for twenty-seven felonies is constitutionally disproportionate. Compare Harmelin v. Michigan, 501 U.S. 957 (1991) (providing that mandatory life without parole for possessing more than 650 grams of cocaine does not violate Eighth Amendment); Ewing v. California, 538 U.S. 11 (2003) (holding that sentence of 25 years to life for theft of golf clubs under California's "three strikes" law upheld under Eighth Amendment); Lockyer v. Andrade, 538 U.S. 63 (2003) (deciding that two consecutive terms of 25 years to life for two counts of petty theft under California's "three strikes" law upheld; the gross disproportionality principle under Eighth Amendment reserved only for extraordinary cases). Additionally, petitioner was sentenced in accordance to the terms for which he agreed in his plea arrangement. Mem. in Supp., Ex 1.

Petitioner raised this issue in his "Successor Motion for Appropriate Relief." Pet., attached "Successor Motion for Appropriate Relief." The Superior Court made detailed findings and denied the MAR. Id., at Ex. 10. The Superior Court concluded that defendant's claim of an Eighth Amendment violation was meritless because the trial court sentenced petitioner according to the applicable state sentencing statutes. Id.

The Superior Court's adjudication is not contrary to, nor involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, i.e.,Harmelin. See § 2254(d)(1). Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. See § 2254(d)(2). Early v. Packer, 537 U.S. 3, 8 (2002) (concluding that state court need not cite or even be aware of United States Supreme Court cases in order to obtain deferential standards of review). The issue does not raise a meritorious claim and is properly dismissed.

5

D.  Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

E.  Conclusion

Accordingly, respondent's Motion for Summary Judgment [D.E. 8 and 9] is GRANTED, and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this /0 day of January 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE